UNITED STATES DISTRICT COURT

for the SOUTHERN DISTRICT OF NEW YORK

UNITED STATES of AMERICA,

vs.                                              NO. 18:CR-00601-011 (PGG)

SHERVINGTON LOVELL

PRO SE MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

TO THE HONORABLE JUDGE GARDEPHE, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF NEW YORK:

COMES NOW SHERVINGTON LOVELL, Defendant-Petitioner in the above-entitled and numbered case, pro-se, respectfully submitting this PRO SE MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2).

The Petitioner respectfully asks this Honorable Court to consider that this and all other pleadings and submissions he presents for consideration in this action be construed under the standard established by the Supreme Court in Haines v. Kerner, 404 U.S. 579, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), wherein the Justices stated in part that a "pro se litigant's pleadings are to be construed liberally, granted great latitude and held to a less stringent standard than that of formal pleadings drafted by attorneys and it is in the interest of Justice to do so."

(1)

Title 18, United States Code, Section 3582(c)(2) confers authority to this Court, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, to reduce a term of imprisonment, when that term of imprisonment has been based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

On November 01, 2023, a new amendment to the United States Sentencing Guidelines (U.S.S.G.), Amendment 821, went into effect. Amendment 821, Part B, adds a new guideline, § 4C1.1, that provides for a two-point decrease to the overall offense level for certain "Zero-Point Offenders" whose offense did not involve specific aggravating factors enumerated in § 4C1.1(a).

Petitioner plead guilty to violation of 46 U.S.C. §§ 70503, 70504, and 70506(b); 18 U.S.C. § 3228, and 21 U.S.C. § 960, in the United States District Court for the Southern District of New York. He was sentenced on 05-20-2021 to a 132-month sentence based on zero (0) criminal history points, with a Category I guidelines range of 210-262 months.

Petitioner now seeks a reduction to his imposed term of imprisonment. Amendment 821 was designated by the Sentencing Commission to be retroactively applicable, and as such, has been included in the list of retroactive amendments listed in U.S.S.G. § 1B1.10(c). Defendants previously sentenced can make motion upon the sentencing court for retroactive application of U.S.S.G. § 4C1.1, and upon consideration of the court, receive a two-point reduction to their overall

offense level, with corresponding modification of sentence within the new U.S.S.G. guidelines range.

As Petitioner's offense did not involve any of the aggravating factors listed in U.S.S.G. § 4C1.1(a), he meets the criteria necessary to qualify him for a two-point reduction to his overall offense level. This reduction results in a new U.S.S.G. guidelines range of 168-210 months.

## CONCLUSION.

At the original sentencing, this Court found good cause, after consideration of the sentencing factors found in 18 U.S.C. § 3553(a), to sentence the Petitioner to a sentence below his U.S.S.G. guidelines range. He now asks this Honorable Court to consider a commensurate modification of his sentence based on the new guidelines range. Petitioner prays that the Court will modify his sentence to a new term of imprisonment based on these aforementioned circumstances.

Respectfully submitted this 26 day of September, 2024 by:

**MEMO ENDORSED**: The motion is denied. Under U.S.S.G. § 4C1.1, a defendant is not eligible for a two-point zero-point offender reduction if he received a role-in-the-offense adjustment under U.S.S.G. § 3B1.1 at sentencing. See U.S.S.G. § 4C1.1(a)(10). Here, the Court imposed a two-level Section 3B1.1 adjustment because the Defendant played an organizational and managerial role in connection with the drug shipment in this case by helping to plan the voyage, contributing $100,000 to defray expenses associated with the voyage, and supplying more than 600 kilograms of cocaine. (Sentencing Tr. (Dkt. No. 515) at 5, 13-15) The Defendant also stipulated to a two-level role-in-the-offense adjustment in his plea agreement. (PSR (Dkt. No. 421) ¶ 11(a)) Therefore, Defendant is not eligible for a reduction in sentence under U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2).

SHERVINGTON LOVELL
29970-058
Pro Se Petitioner
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Date: October 25, 2024

Shervington Lovell
Reg. No. 86375-011
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Clerk of the Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007